UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY GIBBS,           ) | Case No. EDCV 16-2499 MWF(JC) |
|       Petitioner,  ) | ORDER (1) ACCEPTING |
|                ) | FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF |
|    v.          ) | UNITED STATES MAGISTRATE |
|                ) | JUDGE; (2) OVERRULING |
| JOE LIZZARAGA, Warden,  ) | OBJECTIONS; AND (3) DENYING |
|                ) | MOTION TO EXPAND RECORD |
|       Respondent.  ) | (DOCKET NO. 19) |
|                ) | |

## I.   SUMMARY, FINDINGS AND ORDERS

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of
Habeas Corpus by a Person in State Custody ("Petition") and all of the records
herein, including the September 17, 2018 Report and Recommendation of United
States Magistrate Judge ("Report and Recommendation"), petitioner's
November 5, 2018 objections to the Report and Recommendation ("Objections")
and petitioner's November 27, 2018 Motion to Expand the Record ("Motion to
Expand").  The Court has further made a *de novo* determination of those portions
of the Report and Recommendation to which objection is made.  The Court
concurs with and accepts the findings, conclusions, and recommendations of the
United States Magistrate Judge and overrules all of the Objections.  The Court

further denies the Motion to Expand as moot because consideration of the matters as to which expansion is sought would not alter this Court's determination that denial of the Petition and overruling of the Objections is appropriate.[1]  Although the Court has considered and overruled all of petitioner's Objections, the Court further addresses certain of petitioner's Objections below.

## II.   DISCUSSION OF CERTAIN OBJECTIONS

### A.   Petitioner's Objections Related to the Trial Court's Consideration of Allegedly False Evidence in Denying Petitioner's Motions for Acquittal Are Overruled

Petitioner argues that the Magistrate Judge failed to consider that the "only" evidence "opposing" his motions for acquittal, made near the close of the prosecution's case (before dog scent evidence was admitted) and at the close of the prosecution's case, was the allegedly false testimony that is the subject of petitioner's Brady and Napue claims (*i.e.*, testimony concerning petitioner's lack of cell phone activity on the day of the murder, Madelyn Oudin's alleged statement that it "would have been Wes" who was helping Oudin, and Detective Patterson's testimony about Munson's jewelry that was not turned over to police).  See Objections at 2, 8-9, 11-29 (Objections 1 and 9) (citing, *inter alia*, Petition Memo at 45-55); see also RT 2129-46 (pre-dog scent motion and hearing); RT 2762-2800 (acquittal motion and hearing at close of prosecution's case).  In denying the motions, the trial court found sufficient circumstantial evidence for a jury to

---

[1]In any event, petitioner's trial counsel's speculation – expressly based on rumors – that the prosecutor had been fired at some unspecified time for misconduct (Motion to Expand, Exhibit 1) is inadmissible and the declarations from various witnesses concerning the procedures to enter the gated community where Munson lived (Motion to Expand, Exhibits 2-5) are cumulative of other evidence adduced at trial about what the gate guards required of visitors to enter the community.  See, e.g., RT 1299-1305 (testimony from gate guard Jessie Loya). Additionally, as explained herein, the declaration from Madelyn Oudin stating that she did not identify "Wes" for the police investigators (Motion to Expand, Exhibit 7) is not material given the limited use of any testimony regarding Madelyn's alleged statement.

conclude that petitioner was guilty without detailing the evidence on which the court relied.  <u>See</u> RT 2145-46, 2800 (noting, "I do think there's a lot of coincidence with a lot of circumstantial evidence that cuts both ways, that's pretty clear.  But I think there's sufficient evidence for the jury to find [the defendants] guilty beyond a reasonable doubt.  So we'll submit it to the jury.").

Contrary to petitioner's argument, there was other circumstantial evidence – not related to the evidence on which petitioner bases his <u>Brady</u> and <u>Napue</u> claims (<i>i.e.</i>, petitioner's own statements and admission that he was with Oudin at Oudin's house on the morning of Munson's murder, Oudin's admission that he drove to La Quinta on the day of the murder, Vera Chernick's testimony that she saw men arguably matching petitioner's and Oudin's description at Munson's house on the day of the murder, and the dog scent evidence) – implicating petitioner in the murder on which the trial court could rely in denying petitioner's acquittal motions.  <u>See</u> Report and Recommendation at 24-27 (discussing other evidence); <u>see also</u> RT 777 (trial court discussing circumstantial evidence in denying petitioner's renewed pretrial motion to exclude the dog scent evidence).

In light of this evidence, petitioner's Objections are overruled.  Petitioner has demonstrated no prejudice to support his <u>Brady</u> and <u>Napue</u> claims from the trial court's denial of his acquittal motions.

**B.** **Petitioner's Objections Related to the Preliminary Hearing Court's Consideration of Allegedly False Evidence in Admitting Dog Scent Evidence and Binding Him Over for Trial Are Overruled**

Petitioner also argues that the Magistrate Judge failed to consider his suggestion that, without the "only" evidence presented at the preliminary hearing (<i>i.e.</i>, the allegedly false testimony that he turned his cell phone off), the dog scent evidence would not have been admitted at the preliminary hearing and he would not have been bound over for trial.  <u>See</u> Objections at 2-3, 29 (Objection 2) (citing,

1   *inter alia*, Petition Memo at 21-22, 56-59, 61).  Contrary to petitioner's argument,

2   the record shows that the preliminary hearing court relied on other circumstantial

3   evidence which was not the subject of petitioner's <u>Brady</u> and <u>Napue</u> claims to hold

4   the defendants to answer the charges and to find the dog scent evidence admissible.

5      Detective Patterson testified at the preliminary hearing about the pattern of

6   calls for petitioner's cell phone and the relative lack of activity on

7   June 10.  (CT 79-81, 119-20).  Patterson also testified about the pattern of phone

8   calls for Oudin's cell phone which was tracked as traveling from Lakewood to La

9   Quinta on June 10, and Oudin's admission upon being confronted with this

10  evidence that he had traveled to La Quinta that day.  (CT 69-73).  Patterson

11  testified about Vera Chernick's report that she had seen two men (one matching the

12  Oudin's description) at Munson's house on the day of the murder.  (CT 62-64).

13  Patterson testified about Oudin's "strained" relationship with Munson.  (CT 64-

14  65).  Patterson testified about petitioner's admission, upon being confronted with

15  cell phone evidence, that he was at Oudin's house in Lakewood on June 10, and

16  about evidence gathered concerning petitioner's subsequent purchase of a car for

17  $3,000 and payment of over $4,000 to an Arizona court – at a time when petitioner

18  was unemployed and when a bag of Munson's cash was found in Oudin's home.

19  (CT 82-87).

20     When Patterson was asked about dog scent evidence relating to this case,

21  petitioner's counsel objected for lack of foundation.  (CT 87-93).  The court

22  allowed the evidence subject to a motion to strike on cross-examination.  (CT 93).

23  Patterson then testified about the dog scent evidence linking petitioner to the

24  clothes Munson was wearing when she was killed.  (CT 93-95).  At the close of the

25  preliminary hearing, petitioner's counsel moved to strike the dog scent evidence

26  for lack of foundation, which the court denied.  (CT 138-39).  Counsel for both

27  defendants argued there was insufficient evidence linking the defendants to the

28  crimes to hold them to answer the charges.  (CT 139-42).  The court found

sufficient evidence had been presented to hold the defendants to answer the charges. (CT 145). As summarized at pages 26-27 of the Report and Recommendation, when petitioner's counsel again took issue with the admissibility of the dog scent evidence prior to the start of trial, the trial court found sufficient corroborating evidence from the preliminary hearing to admit this evidence. See RT 777, 782-83 (trial court detailing other evidence from the preliminary hearing linking the defendants to the crimes).

In light of this record, petitioner's Objections are overruled. Petitioner has shown no prejudice from the consideration of the allegedly false testimony at the preliminary hearing to support his Brady and Napue claims.

## C. Petitioner's Objections Based on Respondent's Failure to Lodge Madelyn Oudin's June 22, 2011 Interview Transcript Are Overruled

Petitioner objects based on respondent's failure to lodge a transcript of Madelyn Oudin's June 22, 2011 interview as "bearing on the merits of petitioner's claims." Petitioner asserts that the transcript would have shown that police witnesses were lying about what Madelyn had said because she assertedly did not say that it "would have been Wes" who was with Oudin. See Objections at 6, 30-31 (Objections 6 and 7).

A transcript of Madelyn's interview was not introduced at trial and not included in the record. As detailed in pages 30-34 of the Report and Recommendation, defense counsel successfully objected to the introduction of any of Madelyn's solo interviews at trial as hearsay. (RT 1944-46, 1950, 1952-53, 1958-64). The trial court permitted Detective Patterson to testify about discrete statements assertedly made by Madelyn to explain actions taken by law enforcement. (RT 1983-97, 2002-03). While the record reflects that defense counsel had a transcript and recording of Madelyn's interview that it could use for

///

5

impeachment purposes (RT 2980), the transcript was never marked or received in evidence.

Respondent's requirement to lodge records with the Court is based on Rule 5(c) and (d) of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that respondent must "indicate what transcripts (of pretrial, trial, sentencing or post-conviction proceedings) are available," attach to the answer the "parts of the transcript the respondent considers relevant," and lodge copies of briefs on appeal and opinions. See Rule 5 of the Rules Governing Section 2554 Cases. "Records" in this context means official transcripts – "records" does not mean any evidence that petitioner believes may be relevant to his case. Respondent had no duty to lodge with the Court a transcript of Madelyn Oudin's police interview that was not a part of the record in petitioner's state court proceedings. See, e.g., Buchanan v. Cate, 2011 WL 2066658, at *3 (S.D. Cal. May 24, 2011) (similarly observing that respondent's duty to lodge "records" under Rule 5(c) and (d) is limited), objections overruled, 2011 WL 4381729 (S.D. Cal. Sept. 19, 2011).

Assuming, *arguendo*, that a copy of Madelyn Oudin's interview had been lodged with the Court and had shown that Madelyn made no statement about "Wes" being with Oudin as petitioner suggests (Objections at 6), the Court would find no prejudice from the introduction of testimony concerning Madelyn's alleged statement given the limiting instruction the trial court provided to the jury with such testimony. See Report and Recommendation at 34 (discussing same).

### D. Petitioner's Objection to the Facts Drawn from the Court of Appeal's Opinion Is Overruled

Petitioner objects to the fact drawn from the Court of Appeal's opinion that police learned from "cell phone tower pings" that Oudin had made a round trip from his home in Lakewood to "Munson's *house*" in La Quinta and back on June 10. See Objections at 7 (Objection 8) (citing Report and Recommendation at 6).

Cell phone records for Oudin's cell phone placed him traveling from Lakewood in the morning to La Quinta and back in the evening on the day Judy Munson was murdered.  (RT 2064-70).  Oudin's cell phone records did not specifically place Oudin at Munson's house on the day of the murder.  (RT 2064-70).  On cross-examination, Detective Patterson admitted that he had no proof of Oudin going to Munson's house on June 10.  (RT 2654-55).

While petitioner is correct that the cell phone records established only that Oudin made a round trip between his home in Lakewood and La Quinta, this Court does not view the Court of Appeal's statement referencing Munson's house to be material and notes that Oudin's presence at Munson's house that day may otherwise be reasonably inferred from the record discussed in detail in the Report and Recommendation.  Moreover, even assuming, *arguendo*, that the Court of Appeal's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, 28 U.S.C. § 2254(d), for the reasons detailed in the Report and Recommendation, petitioner's claims fail on *de novo* review.  See Cone v. Bell, 556 U.S. 449, 472 (2009) (when a state court's adjudication of a claim on the merits is based on an unreasonable determination of facts, review is *de novo*).  In short, as a correction to the reference in issue would not alter the outcome of this matter, petitioner's objection is moot and is overruled as such.

## III.    FURTHER ORDERS

IT IS HEREBY ORDERED that Judgment be entered denying the Petition on the merits and dismissing the action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on petitioner and on respondent's counsel.

IT IS SO ORDERED.

DATED: February 15, 2019    _____

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

7